**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEON STAMBLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:10cv594 |
| | § | |
| ATMOS ENERGY CORP., ATMOS | § | **JURY TRIAL DEMANDED** |
| ENERGY SERVICES, LLC, CINEMARK | § | |
| USA, INC., CINEMARK HOLDINGS, INC., | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| COSTCO WHOLESALE CORP., DELTA | § | |
| AIR LINES, INC., DISCOVER FINANCIAL | § | |
| SERVICES LLC, DISCOVER BANK, DFS | § | |
| SERVICES LLC, ING BANK, FSB, | § | |
| LOWE'S COMPANIES INC., MACY'S, | § | |
| INC., MACYS.COM, INC., ORBITZ | § | |
| WORLDWIDE, INC., ORBITZ, LLC, | § | |
| PRICELINE.COM INC., STAPLES, INC., | § | |
| SOUTHWEST AIRLINES CO., THE GAP, | § | |
| INC., THE VANGUARD GROUP, INC., | § | |
| UNITED AIRLINES, INC., UNITED | § | |
| CONTINENTAL HOLDINGS, INC, | § | |
| WALMART STORES, INC., and WAL- | § | |
| MART.COM USA, LLC, | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff LEON STAMBLER files this Original Complaint against the above-named

Defendants, alleging as follows:

**I. THE PARTIES**

1.     Plaintiff LEON STAMBLER ("Stambler") is an individual residing in Parkland,

Florida.

2.      On information and belief, Defendant ATMOS ENERGY CORP. is a Texas corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      On information and belief, Defendant ATMOS ENERGY SERVICES, LLC is a Delaware corporation with its principal place of business in Austin, Texas.  This Defendant may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      On information and belief, Defendant CINEMARK USA, INC. is a Texas corporation with its principal place of business in Plano, Texas.  This Defendant may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5.      On information and belief, Defendant CINEMARK HOLDINGS, INC. is a Delaware corporation with its principal place of business in Plano, Texas.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

6.      On information and belief, Defendant CONTINENTAL AIRLINES, INC. is a Delaware corporation with its principal place of business in Houston, Texas.  This Defendant may be served with process through its registered agent, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

7.      On information and belief, Defendant COSTCO WHOLESALE CORP. is a Washington corporation with its principal place of business in Issaquah, Washington.  This Defendant may be served with process through its registered agent, John Sullivan, 999 Lake

Drive, Issaquah, Washington 98027.

8.     On information and belief, Defendant DELTA AIR LINES, INC. is a Delaware corporation with its principle place of business in Atlanta, Georgia.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9.     On information and belief, Defendant DISCOVER FINANCIAL SERVICES is a Delaware corporation with its principal place of business in Riverwoods, Illinois.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.     On information and belief, Defendant DISCOVER BANK is a banking subsidiary of DISCOVER FINANCIAL SERVICES chartered under the laws of Delaware with its principal place of business in Greenwood, Delaware.  This Defendant may be served with process through its agent for service of process, Discover Bank, 100 West Market, P.O. Box C, Greenwood, Delaware 19950.

11.     On information and belief, Defendant DFS SERVICES LLC is a Delaware limited liability company with its principal place of business in Riverwoods, Illinois.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12.     On information and belief, Defendant ING BANK, FSB is a federally chartered savings bank with its principal place of business in Wilmington, Delaware.  This Defendant may be served with process through its agent for service of process, General Counsel, 1 S. Orange Street, Wilmington, Delaware 19801.

13.     On information and belief, Defendant LOWE'S COMPANIES INC. is a North Carolina corporation with its principal place of business in Mooresville, North Carolina.  This Defendant may be served with process through its registered agent, Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603.

14.     On information and belief, Defendant MACY'S, INC. is a Delaware corporation with principal places of business in Cincinnati, Ohio.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

15.     On information and belief, Defendant MACYS.COM, INC. is a New York corporation with its principal place of business in San Francisco, California.  This Defendant may be served with process through its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

16.     On information and belief, Defendant ORBITZ WORLDWIDE, INC. is a Delaware corporation with its principal place of business in Chicago, Illinois.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

17.     On information and belief, Defendant ORBITZ, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

18.     On information and belief, Defendant PRICELINE.COM INC. is a Delaware corporation with its principal place of business in Norwalk, Connecticut.  This Defendant may be

served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

19.     On information and belief, Defendant STAPLES, INC. is a Delaware corporation with its principal place of business in Framingham, Massachusetts.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

20.     On information and belief, Defendant SOUTHWEST AIRLINES CO. is a Texas corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

21.     On information and belief, Defendant THE GAP, INC. is a Delaware corporation with its principal place of business in San Francisco, California.  This Defendant may be served with process through its registered agent, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

22.     On information and belief, Defendant THE VANGUARD GROUP, INC. is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.  This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 76701.

23.     On information and belief, Defendant UNITED AIRLINES, INC. is a Delaware corporation with its principal place of business in Chicago, Illinois.  This Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

24.     On information and belief, Defendant UNITED CONTINENTAL HOLDINGS, INC. is a Delaware corporation with its principal place of business in Chicago, Illinois.  This Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

25.     On information and belief, Defendant WALMART STORES, INC. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  This Defendant may be served with process through its registered agent, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

26.     On information and belief, Defendant WAL-MART.COM USA, LLC is a California limited liability corporation with its principal place of business in Brisbane, California.  This Defendant may be served with process through its registered agent in Delaware, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## II.  JURISDICTION AND VENUE

27.     This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

28.     The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Texas and within this District.  On information and belief, each Defendant regularly solicits business in Texas and in this District, and derives substantial revenue from products, systems, and/or services sold or provided to individuals or entities residing in Texas and in this District.  Each Defendant conducts business relating to secure online payment services and/or secure

online banking services, with and/or for customers residing in Texas and in this District.  Each

Defendant provides such services directly to customers in this District through its own

interactive website(s) and/or indirectly to consumers in this District through the provision of

products and/or services to financial institutions and/or retailers who serve consumers in this

District.   Through the provisions of such products and/or services, each Defendant has

committed and continues to commit acts of patent infringement in the State of Texas and in this

District.

### III.  PATENT INFRINGEMENT

29.    On August 11, 1998, United States Patent No. 5,793,302 ("the '302 patent") was

duly and legally issued for a "Method for Securing Information Relevant to a Transaction."  A

true and correct copy of the '302 patent is attached hereto as Exhibit A.  On October 26, 1999,

United States Patent No. 5,974,148 ("the '148 patent") was duly and legally issued for a

"Method for Securing Information Relevant to a Transaction."  A true and correct copy of the

'148 patent is attached hereto as Exhibit B.  On August 10, 1999, United States Patent No.

5,936,541 ("the '541 patent") was duly and legally issued for a "Method for Securing

Information Relevant to a Transaction."  A true and correct copy of the '541 patent is attached

hereto as Exhibit C.

30.    Stambler is the inventor and owner of all rights, title, and interest in and to the

'302, '148, and '541 patents, and Stambler possesses all rights of recovery under them.

31.    Defendants Atmos Energy Corp. and Atmos Energy Services, LLC (collectively

"Atmos") have infringed and continue to infringe, directly, contributorily, and/or through the

inducement of others, claimed methods of the '302 patent and the '148 patent.  On information

and belief, Atmos has been and now is directly infringing at least claims 41 and 47 of the '302

patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., atmosenergy.com). Additionally, on information and belief, Atmos has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., atmosenergy.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., atmosenergy.com).

32. Defendants Cinemark USA, Inc. and Cinemark Holdings, Inc. (collectively "Cinemark") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, Cinemark has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., cinemark.com). Additionally, on information and belief, Cinemark has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., cinemark.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., cinemark.com).

33.     Defendants Continental Airlines, Inc., United Airlines, Inc., and United Continental Holdings, Inc. (collectively "United Continental") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent.  On information and belief, United Continental has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., continental.com, united.com).  Additionally, on information and belief, United Continental has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., continental.com, united.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., continental.com, united.com).

34.     Defendant Costco Wholesale Corp. ("Costco") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent.  On information and belief, Costco has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., costco.com).  Additionally, on information and belief, Costco has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., costco.com); and

(2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., costco.com).

35. Defendant Delta Air Lines, Inc. ("Delta") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, Delta has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., delta.com). Additionally, on information and belief, Delta has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., delta.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., delta.com).

36. Defendants Discover Financial Services, DFS Services LLC, and Discover Bank (collectively "Discover") have infringed and continue to infringe claimed methods of the '541 patent. On information and belief, Discover has been and now is directly infringing at least claim 20 of the '541 patent by providing interactive websites (e.g., discoverbank.com) that use one or more cookie(s) (e.g., web cookies, browser cookies, http cookies) and/or flash object(s), and encryption and/or encoding, to secure information related to a transaction.

37. Defendant ING Bank, FSB ("ING") has infringed and continues to infringe claimed methods of the '541 patent. On information and belief, Discover has been and now is

directly infringing at least claim 20 of the '541 patent by providing interactive websites (e.g., ingdirect.com) that use one or more cookie(s) (e.g., web cookies, browser cookies, http cookies) and/or flash object(s), and encryption and/or encoding, to secure information related to a transaction.

38.     Defendant Lowe's Companies Inc. ("Lowe's") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent.  On information and belief, Lowe's has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., lowes.com).  Additionally, on information and belief, Lowe's has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., lowes.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., lowes.com).  Additionally, on information and belief, Lowe's has been and now is directly infringing at least claim 20 of the '541 patent by providing interactive websites (e.g., lowes.com) that use one or more cookie(s) (e.g., web cookies, browser cookies, http cookies) and/or flash object(s), and encryption and/or encoding, to secure information related to a transaction.

39.     Defendants Macy's, Inc. and Macys.com, Inc. (collectively "Macy's") have infringed and continue to infringe claimed methods of the '541 patent.  On information and belief, Macy's has been and now is directly infringing at least claim 20 of the '541 patent by

providing interactive websites (e.g., macys.com) that use one or more cookie(s) (e.g., web cookies, browser cookies, http cookies) and/or flash object(s), and encryption and/or encoding, to secure information related to a transaction.

40.     Defendants Orbitz Worldwide, Inc. and Orbitz, LLC (collectively "Orbitz") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent.   On information and belief, Orbitz has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., orbitz.com).   Additionally, on information and belief, Orbitz has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., orbitz.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., orbitz.com).

41.     Defendant Priceline.com Inc. ("Priceline") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent.   On information and belief, Priceline has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., priceline.com).   Additionally, on information and belief, Priceline has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to

initiate payments and/or funds transfers though its interactive online websites(s) (e.g., priceline.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., priceline.com).

42.     Defendant Staples, Inc. ("Staples") has infringed and continues to infringe claimed methods of the '541 patent. On information and belief, Staples has been and now is directly infringing at least claim 20 of the '541 patent by providing interactive websites (e.g., staples.com) that use one or more cookie(s) (e.g., web cookies, browser cookies, http cookies) and/or flash object(s), and encryption and/or encoding, to secure information related to a transaction.

43.     Defendant Southwest Airlines Co. ("Southwest") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, Southwest has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., southwest.com). Additionally, on information and belief, Southwest has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., southwest.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., southwest.com).

44.     Defendant The Gap, Inc. ("Gap") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent.  On information and belief, Gap has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., gap.com).   Additionally, on information and belief, Gap has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., gap.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., gap.com).

45.     Defendant The Vanguard Group, Inc. (collectively "Vanguard") has infringed and continues to infringe claimed methods of the '541 patent.  On information and belief, Vanguard has been and now is directly infringing at least claim 20 of the 541 patent by providing interactive websites (e.g., vanguard.com) that use one or more cookie(s) (e.g., web cookies, browser cookies, http cookies) and/or flash object(s) and encryption and/or encoding to secure information related to a transaction.

46.     Defendants Walmart Stores, Inc. and Wal-Mart.com USA, LLC (collectively "Walmart") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent.  On information and belief, Walmart has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its

interactive online website(s) (e.g., walmart.com).   Additionally, on information and belief, Walmart has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers though its interactive online websites(s) (e.g., walmart.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services though its interactive online website(s) (e.g., walmart.com).

47.     Upon information and belief, at least Defendants Discover, Macy's, Staples, Vanguard, and Walmart are aware of the patents-in-suit, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful.

48.     Stambler has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Stambler in an amount that adequately compensates him for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV.  <u>JURY DEMAND</u>

Stambler hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  <u>PRAYER FOR RELIEF</u>

Stambler requests that the Court find in his favor and against Defendants, and that the Court grant Stambler the following relief:

a.      Judgment that one or more claims of United States Patent Nos. 5,793,302, 5,974,148, and 5,936,541 have been infringed, either literally and/or under the

doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.   Judgment that Defendants account for and pay to Stambler all damages to and costs incurred by Stambler because of Defendants' infringing activities and other conduct complained of herein;

c.   That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.   That Stambler be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.   That the Court declare this an exceptional case and award Stambler his reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.   That Stambler be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   December 28, 2010**                    Respectfully submitted,


/s/ Brent N. Bumgardner (w/permission TJW Jr)
Brent N. Bumgardner
Texas State Bar No. 00795272
Attorney-in-Charge
Edward R. Nelson, III
Texas State Bar No. 00797142
Christie B. Lindsey
Texas State Bar No. 24041918
Ryan P. Griffin
Texas State Bar No. 24053687
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
Fax (817) 377-3485
bbumgardner@nbclaw.net
enelson@nbclaw.net
clindsey@nbclaw.net
rgriffin@nbclaw.net

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX  75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

Ronald A. Dubner
Texas State Bar No. 06149000
4965 Preston Park, Suite 560

Plano, Texas 75093
(972) 964-6500
(972) 964-6533 (fax)
rondub@gte.com

S. Brannon Latimer
Texas State Bar No. 24060137
LATIMER INTELLECTUAL PROPERTY, PC
P.O. Box 471430
Fort Worth, TX 76147
(469) 619-7291
(972) 767-3320 (fax)
brannon.latimer@latimeriplaw.com

**ATTORNEYS FOR PLAINTIFF
LEON STAMBLER**