**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEON STAMBLER, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:10-CV-594-JRG |
| ATMOS ENERGY CORP, *et al.*, | § § § | |
| *Defendants*. | § § | |

**PROVISIONAL OPINION AND ORDER**

**I.   Introduction**

This provisional claim construction Order sets forth the Court's initial constructions for certain disputed claim terms in United States Patents Nos. 5,793,302 ("the '302 patent") and 5,974,148 ("the '148 patent"), both titled "Method for Securing Information Relevant to a Transaction" (collectively, "the patents-in-suit").

This Order is intended to serve as a guideline framework with which the parties may proceed at an earlier point in the litigation. This Order shall be deemed the Court's claim construction ruling for the purpose of calculating any deadlines under the docket control order. The Court will issue a Memorandum Opinion and Order, including a full analysis of the disputed claim terms, at a later date. The Court may modify these provisional constructions when it issues the Memorandum Opinion.

## II. Construction of Agreed Terms

The parties have agreed to the construction of the following terms:

| Term | Agreed Construction |
|---|---|
| associated with | identified with or having a connection to |
| coding | transforming original information into coded information by applying a known algorithm but excluding transforming coded information back into its original state |
| previously issued | issued before the execution of the steps recited in the claim; "previously issued" is not a separate step in the claimed method |
| first / second storage means | The parties agree that the preamble of claim 41, including the terms "first/second storage means," is not limiting. |
| payment | compensation in exchange for goods or services or the discharge of a debt |
| error detection code | the result of applying an algorithm for coding information that, when applied to original information, creates coded information wherein changes to the original information can be detected without complete recovery of the original information |
| credential information | information stored or contained in a credential |
| the VAN1 being used to secure at least a portion of the credential information to the at least one party | the VAN1 being used to verify or determine that the at least a portion of the information stored or contained in the credential is [associated with] the at least one party |
| secured to the at least one party by using the VAN1 | determined or verified as [associated with] the at least one party by using the VAN1 |
| appending the VAN to the payment instrument | joining the VAN to the payment instrument |
| an amount ('148 patent, claim 28) | a quantity of money associated with a debt incurred by the payer or for goods or services to be paid for or purchased by the payer |

(*See* Dkt. No. 272). In view of the parties' agreements on the proper construction of each of the identified terms, the Court adopts the parties' agreed-upon constructions. The agreed-upon constructions shall govern in this case.

### III. Construction of Terms in Dispute

#### A. Transferring Funds

*"transferring funds from the first account of the first party to the second account of the second party if"* '302 patent, claim 41

*"transferring funds from the account of the first party to the account of the second party if"* '302 patent, claim 51

| Stambler's Construction | Defendant's Construction |
|---|---|
| ('302 patent, claim 41): to cause funds to pass from the first account of the first party to the second account of the second party, such as by debiting or crediting, if<br><br>*Alternative Construction:* to cause funds to pass (rather than providing mere instructions) … such as by debiting or crediting, or by transmitting financial instruments or instructions that obligate another party to cause fund[s] to pass. *See* Stambler's Claim Construction Presentation, Slide 16, August 24, 2012 | ('302 Patent, claim 41): to cause funds to pass (rather than providing instructions to cause funds to pass) from the first account of the first party to the second account of the second party, such as by debiting or crediting, if |
| ('302 Patent, claim 51): to cause funds to pass from the account of the first party to the account of the second party, such as by debiting or crediting, if | ('302 Patent, claim 51): to cause funds to pass (rather than providing instructions to cause funds to pass) from the account of the first party to the account of the second party, such as by debiting or crediting, if |

The Court provisionally construes the term "transferring funds from the first account of the first party to the second account of the second party if" to be:

"to cause funds to pass (rather than only providing instructions to cause funds to pass) from the first account of the first party to the second account of the second party, such as by debiting or crediting, if."

The Court provisionally construes the term "transferring funds from the account of the first party to the account of the second party if" to be:

3

"to cause funds to pass (rather than only providing instructions to cause funds to pass) from the account of the first party to the account of the second party, such as by debiting or crediting, if."

### B.     Credential ('302 patent, claims 7, 8, 47, 51, 56)

| Stambler's Construction | Defendant's Construction |
|---|---|
| A document or information obtained from a trusted source that is transferred or presented for purposes of determining the identity of a party | A document or information obtained from a trusted source that is transferred or presented to establish the identity of a party |

The Court provisionally construes the term "credential" to be:

"a document or information obtained from a trusted source that is transferred or presented for purposes of determining the identify of a party."

### C.     Non-secret ('302 patent, claims 7, 8, 51)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Plain meaning;  alternatively, not secret | Information that is known or knowable by at least one party who is not a trusted party<br><br>On Sur-Reply, Alternative Construction: information that is known or knowable by at least one party who is not a trusted party, in addition to a party who first created the information or who received the information from a trusted party |

The Court provisionally construes the term "non-secret" to be:

"not a secret, where a secret is information known only to the secret originator and those intended to know it."

### D. Third Party for Determining ('302 patent, claim 41)

| Stambler's Construction | Defendant's Construction |
| --- | --- |
| A party, other than the first or second parties, that performs the determining step of the claim | A party independent of the first party and the second party and controlled by neither the first party nor the second party, that performs the determining step of the claim<br><br>On Sur-Reply, Alternative Construction: a party independent of the first party and the second party that performs the determining step of the claim outside of the control of the first party and the second party |

The Court provisionally construes the term "third party for determining" to be:

"A party, independent from the first and second parties, that performs the determining step of the claim."

### E. Party ('302 patent, claims 8, 41, 44, 47, 51, 53 and 56)

| Stambler's Construction | Defendant's Construction |
| --- | --- |
| A person or entity, a computer system or systems, or a person or entity using a computer system or systems | A person, entity, or computer system; however (i) a person or entity and (ii) that person's or entity's computer system cannot be separate parties |

The Court provisionally construes the term "party" to be:

"a person or entity, a computer system or systems, or a person or entity using a computer system or systems."[1]

---

[1] The Court's Final *Markman* Order will clarify that a party and its computer system are not separate parties.


### F. Payor / Payer ('148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| The terms "payer" and "payor" refer to the same entity and mean "a person or entity who pays, or who is to make a payment." | Payer and payor refer to the same person. They mean a person who pays, or who is to make a payment. A computer system cannot be payer or payor. |

The Court provisionally construes the terms "payor" and "payer" to be:

"the terms 'payer' and 'payor' refer to the same entity and mean 'a person or entity who pays, or who is to make a payment.'"[2]

### G. Accounts Receivable / Accounts Payable ('302 patent, claim 44)

| Stambler's Construction | Defendant's Construction |
|---|---|
| "accounts receivable": a record that indicates a monetary value owed<br><br>"accounts payable": a record that indicates a monetary value due to be paid | "accounts receivable": a record that indicates a monetary value due to be paid to the party maintaining the record<br><br>"accounts payable" a record that indicates a monetary value due to be paid by the party maintaining the record |

The Court provisionally construes the term "accounts receivable" to be:

"a record that indicates a monetary value owed."

The Court provisionally construes the term "accounts payable" to be:

"a record that indicates a monetary value due to be paid."

---

[2] The Court's Final *Markman* Order will clarify that while the Court agrees with Stambler that the inclusion of the phrase "a computer system cannot be a payer or payor" would cause unnecessary confusion for the Jury, the Court agrees that a computer system, alone, cannot be a payor or payer.

### H. A Portion of the Document Information ('148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Plain meaning; alternative, some, but not necessarily all, of the information from the document | Indefinite |

The Court provisionally construes the term "a portion of the document information" to be:

"given its plain and ordinary meaning."

### I. Trusted Entity / Trusted Party ('302 patent, claims 7, 8, 47, 51, 56)

| Stambler's Construction | Defendant's Construction |
|---|---|
| An entity/party that has the authority, as recognized by participants in the relevant system or method, to establish or confirm a party's identity | An entity/party that has the authority, as recognized by participants in the relevant system or method, to establish or confirm a party's identity, and that has itself enrolled in the relevant system for this purpose |

The Court provisionally construes the terms "trusted entity" and "trusted party" to be:

"an entity/party that has the authority, as recognized by participants in the relevant system or method, to establish or confirm a party's identity."

### J. Determining whether the at least a Portion of the Received Funds Transfer Information is Authentic by Using the VAN [and the Credential Information] ('302 patent, claims 41, 51)

| Stambler's Construction | Defendant's Construction |
|---|---|
| '302 Patent, claim 41: using the VAN to determine that the at least a portion of the funds transfer information has not changed and to determine the origin of the at least a portion of the received funds transfer information | '302 Patent, claim 41: using the VAN to determine that the at least a portion of the funds transfer information has not changed and to determine that the first account is associated with the first party |
| '302 Patent, claim 51: using the VAN and the credential information to determine that the at least a portion of the funds transfer information has not changed and to determine the origin of the at least a portion of the received funds transfer information | '302 Patent, claim 51: using the VAN and the credential information to determine that the at least a portion of the funds transfer information has not changed and to determine that the first account information is associated with the first party |

The Court provisionally construes the term "determining whether the at least a portion of the received funds transfer information is authentic by using the VAN" to be:

"using the VAN to determine that at least a portion of the funds transfer information has not changed and to determine the origin of the at least a portion of the received funds transfer information."

The Court provisionally construes the term "determining whether the at least a portion of the received funds transfer information is authentic by using the VAN and the credential information" to be:

"using the VAN and the credential information to determine that the at least a portion of the funds transfer information has not changed and to determine the origin of the at least a portion of the received funds transfer information."

### K.  Variable Authentication Number (VAN) ('302 patent, claims 41, 46, 47, 51, 56; '148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| An encoded variable number that can be used in verifying the identity of a party or the integrity of information or both, the value generated by coding information relevant to a transaction, document, or thing with either a joint key or information associated with or assigned or related to at least one party to the transaction or issuance of the document or thing | An encoded variable number that can be used in verifying the identity of a party and the integrity of information |

The Court provisionally construes the term "variable authentication number (VAN)" to be:

"an encoded variable number that can be used in verifying the identify of a party or the integrity of information or both."

### L.  If the at least a Portion of the Received Funds Transfer Information and the VAN are Determined to be Authentic ('302 patent, claims 41, 51)

| Stambler's Construction | Defendant's Construction |
|---|---|
| If the at least a portion of the received funds transfer information is unchanged and the VAN is not fraudulent | If the at least a portion of the received funds transfer information is unchanged and non-fraudulent and the VAN is unchanged and non-fraudulent |

The Court provisionally construes the term "if the at least a portion of the received funds transfer information and the VAN are determined to be authentic" to be:

"if the at least a portion of the received funds transfer information is unchanged and the VAN is not fraudulent."

9

### M. The VAN being used for Attesting to the Authenticity of the Payor and Document Information ('148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| The VAN being used to verify that the instrument originated from the payor and that the at least a portion of the document information used to create the VAN has not changed | The VAN being used to verify that the payor is who the payor purports to be, that the instrument originated from the payor, and that the at least a portion of the document information used to create the VAN has not changed |

The Court provisionally construes the term "the VAN being used for attesting to the authenticity of the payor and document information" to be:

"the VAN being used to verify that the instrument originated from the payor and that the at least a portion of the document information used to create the VAN has not changed."

### N. Second Variable Authentication Number (VAN1) ('302 patent, claims 47 and 56)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Plain meaning; alternatively, a VAN different from the first VAN recited in claim 41/51 | A second VAN used to ensure that the party presenting a credential is the party to whom it was issued |

The Court provisionally construes the term "second variable authentication number (VAN1)" to be:

"given its plain and ordinary meaning."

### O. Account ('302 patent, claims 41, 51)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Plain meaning; alternatively, a record of financial transactions | An arrangement with a financial institution that allows money to be deposited, withdrawn and transferred to third parties by the holder |

The Court provisionally construes the term "account" to be:

"a financial arrangement that allows funds to be deposited, withdrawn or transferred."

### P. Invoice ('302 patent, claim 44)

| Stambler's Construction | Defendant's Construction |
|---|---|
| A document (including paper or electronic) that includes an itemization of goods or services purchased/to be purchased and the total charge for such goods or services | A document showing an amount that is presently owed |

The Court provisionally construes the term "invoice" to be:

"a document (including paper or electronic) indicating an amount owed for goods or services purchased/to be purchased or for debt."

### Q. After Payment is Made ('302 patent, claim 44)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Plain meaning; alternatively, after the first party presents compensation for goods or services of the discharge of a debt | After funds are received by the party to whom they are owed |

The Court provisionally construes the term "after payment is made" to be:

"given its plain and ordinary meaning."

### R. Coding [X] … Using [Y] ('302 patent, claims 7, 8)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Transforming [X] into coded information by applying a known algorithm using [Y] | Coding original information [x] by providing [x] as a data input to a known algorithm and applying [y] as a key input to the known algorithm |

The Court provisionally construes the term "coding [X] … using [Y]" to be:

"transforming [X] into coded information by applying a known algorithm using [Y]."

### S. And Then Coding the Result Using Third Information ('302 patent, claim 7)

| Stambler's Construction | Defendant's Construction |
|---|---|
| And thereafter transforming the result by applying a known algorithm using third information | And thereafter providing the result as a data input to a known algorithm and applying the third information as a key input to the known algorithm to transform the result |

The Court provisionally construes the term "and then coding the result using third information" to be:

"and thereafter transforming the result by applying a known algorithm using third information."

### T. Information for Identifying the First/Second Account of the First/Second Party ('302 patent, claim 41)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Information that is used to identify an account associated with the first/second party | Information that identifies the first/second account of the first/second party |

The Court provisionally construes the term "information for identifying the first/second account of the first/second party" to be:

"information that is used to identify an account associated with the first/second party."

### U. Secret Key of the Payor ('148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Key that is generated by coding information associated with and known, prior to any coding, only by the payor and those intended to know it | Key that is known only to the payor and those intended to know it, and is generated by coding information associated with and known, prior to any coding, only by the payor and those intended to know it, not including the payee |

The Court provisionally construes the term "secret key of the payor" to be:

"key that is generated by coding information associated with and known only to the payor and those intended to know such information."

12

### V. Payment Instrument ('148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| A document (including paper or electronic) that is used to transfer funds to a recipient party in connection with a payment | A single item that is sufficient to make a payment |

The Court provisionally construes the term "payment instrument" to be:

"a document (including paper or electronic) that is used to transfer funds to a recipient party in connection with a payment."

### W. Payor Creating a Payment Instrument Using the Document Information ('148 patent, claim 28)

| Stambler's Construction | Defendant's Construction |
|---|---|
| Plain meaning; alternatively, the payor creating a payment instrument using information from the document | The payor creating a payment instrument using all of the document information, and not just a portion of the document information |

The Court provisionally construes the term "payor creating a payment instrument using the document information" to be:

"given its plain and ordinary meaning."

### X. Whether the Steps of Claim 28 of the '148 Patent Must be Performed in the Order Written

| Stambler's Construction | Defendant's Construction |
|---|---|
| No. Stambler agrees that the claimed "payer obtaining a document" must be performed before the other claim steps, and that the claimed "creating a variable authentication number" must be performed before the "appending the VAN" step. The claim does not require that the "creating a variable authentication number" step is performed before the creating a payment instrument" step. | Yes |

The Court provisionally rules that:

The claim is not limited to a specific order, beyond the inherent order conceded by Stambler.

### IV. Conclusion

Within thirty (30) days of the issuance of this Provisional Opinion and Order, the parties are **ORDERED** to attend mediation, in good faith, with the designated mediator in this case.

**So ORDERED and SIGNED this 29th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE